THE COMMERCIAL CABLE COMPANY, Respondent, *v.* THE PHILIPP BAUER COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Judgments — stipulation — appeal — trial — evidence — cable companies.

> Where, on the trial of an action to recover $370.81 charges for transmitting twenty-one cable messages between the city of New York and the island of Java, Japan, Egypt, England and towns on the continent of Europe, it was conceded that defendant was liable for six of said charges amounting in all to $112.05, and an operator for plaintiff testifies that he sent a message addressed to a certain person in Batavia over the

wire to another employee of plaintiff at a certain place in
Ireland from whence it had been delivered to another company
and forwarded to its destination, and it is stipulated that
similar testimony will be given as to the other messages, that
plaintiff had no cable lines direct to the points of destination
and that it was understood by defendant that plaintiff had to
forward the messages over connecting lines, and no attempt
was made to show that any of the messages except said six
had ever been delivered, a judgment in plaintiff's favor for
the full amount claimed will be reversed unless plaintiff stipu-
lates to reduce the judgment to $112.05, in which event the
judgment as reduced by stipulation will be affirmed.

APPEAL by defendant from a judgment of the
Municipal Court of the city of New York, borough of
Manhattan, first district, in favor of the plaintiff.

Esselstyn & Haughwout, for appellant.

William W. Cook (John L. Farrell, of counsel), for
respondent.

PHILBIN, J.  The plaintiff sues to recover charges
for transmitting certain cables between the city of New
York and the island of Java, Japan, Egypt, England,
and towns on the continent of Europe.  It is alleged
that for the transmission and " delivery " of said
cable messages defendant promised to pay plaintiff
the usual charges therefor, which were the sum of
$370.81.  The answer denies the material allegations
of the complaint.

The claim of the plaintiff embraced charges for
twenty-one messages, but on the trial it was conceded
that the defendant was liable for six of them, amount-
ing in all to $112.05.

The messages are on the usual printed blanks and
are similar, except as to the matters pertaining to each
cable.  Therefore, it will be necessary to describe only
one to understand the circumstances.  The message
of January 3, 1916, is addressed: " Leopold Hassmann,

Batavia." At the head of the paper appear the figures: $10.31. On the reverse were printed certain conditions relating to the duty or liability of the company. It was stipulated that the amounts appearing on the cables represented the charge for the transmission of the message from New York to the point of destination named therein. In other words, the charge for sending the above cable to the island of Java was $10.31. An operator of the plaintiff testified that he sent the message over the wire to Waterville, Ireland, to another employee of plaintiff in that place; that from that point it had to be delivered to another company and forwarded to its destination. It was stipulated that similar testimony would be given as to the other messages; that the plaintiff had no cable lines direct to the points of destination and that it was understood by the defendant that plaintiff had to forward the messages over connecting lines.

The plaintiff rested upon the above proof, claiming the total of the charges stated on the cables as its damages. The defendant offered no evidence. There was no attempt made by either side to show that any of the messages, except the six, for which defendant was willing to pay, had ever been delivered.

The trial court without a jury rendered judgment for the plaintiff in the full amount demanded. In a very carefully considered opinion the learned court held that the plaintiff established its cause of action since it proved by its operators the transmission of the messages in question over its cable to Ireland. I think that would be a sound conclusion if plaintiff had undertaken to transmit only to Ireland and had assumed no duty for a delivery at the address on the message.

The counsel for the respondent argues in his brief upon a mistaken theory of law. He is misled by the

reasoning and decisions of the courts in relation to cases where it has been sought to hold the telegraph company liable for negligence or breach of contract. Nor are the numerous decisions relating to the presumption of delivery of telegrams applicable to a case such as this, where the fact of delivery is the basis of the action and alleged in the complaint and denied in the answer.

In the instant case the plaintiff takes upon itself the burden of proving the performance of its contract for "transmission and delivery" to Batavia, and other places, of the messages given it by defendant. It did not agree merely to deliver in Ireland; it promised in payment of the appropriate rate to present the message in Batavia. The conditions upon the back of the blank do not relieve plaintiff from putting in proof of performance of its contract. While the statement, for example, that plaintiff did not assume responsibility in respect to any message beyond the terminus of its own lines, may possibly be pertinent in a case involving the non-delivery by the connecting line, *after plaintiff had delivered the message to such other line,* plaintiff is not excused from doing its duty in the premises. I do not see how plaintiff can ask to recover upon its contract unless it shows performance. Even if it be assumed that it was not bound to show delivery in Batavia, there was certainly no reason, legal or physical, why it should not show that its office in Ireland had given the message to the connecting line.

References are vaguely made to the war and incidental conditions as a reason for not exacting greater proof from the plaintiff. It does not appear, however, how such suggestions are relevant in an action to recover charges for transmission and delivery. Nor do I think that the circumstances regarding the nature of plaintiff's business are such as to relieve it from

putting in essential proof of its claim. There seems to be no reason why the plaintiff could not have made a contract that would make proof of performance less onerous. In any event, the plaintiff was not entitled to recover the full charge to the various places of destination when the messages were only delivered to Ireland.

Judgment reversed and new trial granted, with $30 costs to appellant to abide the event, unless plaintiff stipulates, within five days after service of a copy of the order and notice of entry thereof in the court below, to reduce the judgment to $112.05, with appropriate costs in the court below, in which event, the judgment as reduced on stipulation is affirmed, with $25 costs of the appeal to the appellant.

GUY and DELEHANTY, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event, unless plaintiff stipulates within five days after service of order and notice of entry to reduce judgment, in which event the judgment as reduced on stipulation affirmed, with costs.